FERREN, Associate Judge,
concurring in the judgment:
While I agree with my colleagues that one purpose of the statutory scheme is to protect the taxpayer’s right to adequate notice and administrative review, I believe *1117 it also was designed to assure reliability and finality of assessment notices. For this reason, the statute establishes a specific, unalterable timetable for the process. Contrary to my colleagues, therefore, I am convinced that the Department of Revenue and Finance is not empowered to make ex parte revisions after the March 1 deadline, even with the irregular blessings of the Board of Equalization and Review. Neither the statute, D.C.Code 1978 Supp., § 47-646, nor the Board’s own Rule 4(a)(4)(i) and (ii) permits it. Only the Board, following proper procedures, can make the revisions at issue here.
Nonetheless, recognizing the Department’s error, I note that appellants never have questioned the amounts of the revised assessments or the taxes owed, even though they eventually received adequate notice and an extended opportunity for administrative appeal. I conclude, therefore, that absent a showing of prejudice from the Department’s action, there are no “extraordinary circumstances” entitling appellants to equitable relief. District of Columbia v. Keyes, D.C.App., 362 A.2d 729, 737 (1976).
I.
My reasoning, more specifically, is as follows. The governing statute, D.C.Code 1978 Supp., § 47-645, requires the mailing of notices by March l.[1] The next section of the statute, D.C.Code 1978 Supp., § 47-646(i), ante at 1115 note 3, does not authorize the correction of notices after March 1. Its express purpose, rather, is to protect the taxpayer’s right to appeal in case of delayed receipt of notice. To construe the statute as also empowering the Department to mail notices after March 1 undermines the express limitation of § 47-645.
Nor can I accept the proposition that the Department’s corrective actions reflect an implied power under its statutory duty to issue assessment notices. Because a specific procedure is established in § 47-646(f) for the revision of assessments by the Board,[2] and Rule 4(a)(4)(i) and (ii) expressly provides that the Department shall petition the Board for changes in assessments,[3] my colleagues’ expansive reading of the Department’s authority is, I believe, inappropriate. After completion of the preliminary roll and mailing of the notices on March 1, the Department has no further statutory authority in the process; it is precluded from revising assessments for any reason.
My colleagues suggest that the Department was not actually revising assessments merely by reporting the accurate figures. This distinction obscures the valid interests of the taxpayer protected by the statute. It is immaterial to the taxpayer whether the error is typographical, computer-related, or substantive. The taxpayer is inter *1118 ested in a reliable and final assessment upon which budgets can be based or appeals taken. The clear purpose of the detailed statutory scheme is to prevent such last-minute changes, regardless of the cause. The taxpayer should be given a proper assessment before March 1. If not, the Board itself must authorize any revision pursuant to established procedures, with adequate explanation to the taxpayer and a right to appeal.
II.
Although appellants correctly have noted that the Department failed to comply with the statute and the Board’s rules, they have challenged the second (revised) assessment notices without questioning the dollar amounts of the underlying assessments themselves. They argue, rather, that by virtue of the defective procedure there are, by definition, no assessments at all giving rise to taxation; there are no dollar amounts to challenge.
In seeking equitable relief from taxation, which is available only in “extraordinary circumstances,” Keyes, supra at 737, appellants must provide more than a theoretically correct argument. They must demonstrate injury from the government’s irregular action. They cannot expect to be excused from tax obligations to the District based on assessments which they have proffered no equitable basis for contesting, despite ample opportunity to do so through an extended hearing procedure before the Board itself. In short, appellants have indicated no reason for the trial court — or this court — to believe that if we declare their rights and order the government to start all over again, the result will be any different.
Accordingly, I agree that the trial court should stay its hand. At best, appellants are entitled to anticipate that, in the future, the Department will issue accurate notices and, in case of error, will comply with the required procedures for amendment — at the risk of equitable correction if it fails to do so.

. D.C.Code 1978 Supp., § 47-645 provides in part:
Beginning as soon as possible after January 1, but no later than March 1 of each year, each taxpayer shall be notified of the assessment of his real property for the next fiscal year....
The statute empowers the Mayor to prepare the preliminary assessment roll. The Mayor delegated this authority to the Department of Finance and Revenue. 21 DCR 2445 (March 31, 1975).

. D.C.Code 1978 Supp., § 47-646(f) provides: Pursuant to applicable provisions of law, regulations adopted by the Council, or orders of the Commissioner [Mayor], the Board shall attempt to assure that all real property is assessed at the estimated market value. Based on the record of complaints or of other information available to or solicited by the Board, the Board shall raise or lower the estimated market value of any real property which it finds to be more than 5 per centum above or below the estimated market value contained in the preliminary assessment roll prepared by the Commissioner [Mayor] according to section 47-644 and shall revise the assessment roll accordingly.

.Rule 4(a)(l)(4) of the Rules of Practice and Procedure before the Board of Equalization and Review provides:
A petition may also be filed with the Board by the Director of the Department of Finance and Revenue or his duly authorized representative for the following purposes:
(i) To bring to the Board’s attention the need for change in assessments of adjoining, similar or related properties which may be affected by the Board’s decision on a petition under review, and
(ii) To correct any assessment, valuation or equalization which the Director believes to have been erroneously made.